**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000575
08-DEC-2016
08:22 AM**

NO. CAAP-15-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PETER KALANI BAILEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 07-1-0386)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

On June 5, 2008, Defendant-Appellant Peter Kalani Bailey was convicted on four counts of attempted sexual assault in the first degree. On appeal, this court affirmed. Holding that "there was substantial evidence to support Bailey's conviction on all four counts," the Hawai'i Supreme Court nevertheless vacated the judgment due to juror misconduct and remanded the case to the Circuit Court of the Third Circuit ("Circuit Court") for a new trial. *State v. Bailey*, 126 Hawai'i 383, 399, 271 P.3d 1142, 1158, *amended on reconsideration* (Mar. 22, 2012).

On retrial, Bailey was convicted by a jury on three counts of attempted sexual assault in the first degree and one count of attempted sexual assault in the third degree. He now appeals from the Judgment of Conviction and Sentence filed on July 14, 2015 in the Circuit Court.[1] On appeal, Bailey alleges that the Circuit Court erred in (1) denying his motion to dismiss

---

[1] The Honorable Glenn S. Hara presided.

or to reduce charges because it was "inequitable and contrary to the purpose of the double jeopardy clause"[2] for him to be placed in jeopardy after being convicted of an "included" offense of the same class and grade as an offense for which he could not be retried due to the State of Hawaiʻi's failure to present sufficient evidence at trial; and (2) in modifying the pattern jury instruction regarding the predicate offense to the attempt charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Bailey's appeal as follows and affirm.

(1) Bailey argues that the jury in the first trial acquitted him by implication of sexual assault in the first degree when it found him guilty of the lesser included offense of attempted sexual assault in the first degree. He contends that *Malufau* precludes retrial on double jeopardy grounds for attempted sexual assault in the first degree, as an offense of the same class and grade of the offense that he was acquitted of.

Bailey's argument hinges on the unsupported statement that "[i]n the instant case, the jury found there was insufficient evidence to support Sexual Assault in the First Degree." That assertion is without merit. Moreover, *Malufau* is distinguishable because Bailey was retried on offenses for which a jury had found him guilty based on sufficient evidence. As the supreme court stated, "there was substantial evidence to support Bailey's conviction on all four counts." *Bailey*, 126 Hawaiʻi at 399, 271 P.3d at 1158. Since the supreme court itself remanded the case to the trial court "for a new trial on the four counts of attempted sexual assault in the first degree[,]" *id.*, we

---

[2]    Bailey does not explain, either to the court below or on appeal, whether his contention relates to the fifth amendment of the United States Constitution or Article I, section 10 of the Hawaiʻi Constitution. Because he cites to *State v. Malufau*, 80 Hawaiʻi 126, 906 P.2d 612, *vacated in part on reconsideration* (Nov. 30, 1995), however, and because that case addresses both provisions, we assume that he intends to argue the application of both provisions.

2

decline to find error in the trial court's adherence to that charge.

(2) Bailey argues that the Circuit Court erred in modifying his requested instruction nos. 1-4, which, he notes, "were based on Instruction No. 14.04 of the Hawaii Pattern Jury Instructions-Criminal." Specifically, Bailey contends that the jury was not instructed (i) what the material elements of sexual assault in the first degree were, and (ii) that the prosecution had to prove all of the material elements of sexual assault in the first degree beyond a reasonable doubt.

We conclude that the Circuit Court did not err in principle part because Bailey was charged with *attempted* sexual assault in the first degree and not sexual assault in the first degree. Consequently, Bailey's argument that the State must prove the elements of sexual assault in the first degree beyond a reasonable doubt is a mis-statement of the law. Rather, the State need only prove a substantial step and intent to commit the intended offense. Haw. Rev. Stat. § 705-500(2) (1993).

As to the issue of the Circuit Court's alteration of the format of the intended offense's elements from numbered form to paragraph form, it is important to note that Hawaiʻi courts are not bound by pattern jury instructions. *State v. Sawyer*, 88 Hawaiʻi 325, 335, 966 P.2d 637, 647 (1998) (rejecting the premise that deviation from pattern instructions is prejudicial per se). Therefore, we must first determine if the instruction was prejudicial, and if it was, then determine if it was harmless beyond a reasonable doubt. *Id.*

The content of the altered instruction in this case accurately conveys the elements of sexual assault in the first degree—that a defendant knowingly engages in sexual penetration with a minor who is less than fourteen years old. Also in the instructions, the jury is instructed as to the definition of "knowingly" and "penetration" as it related to the various accusations in parenthetical explanations. The remaining element of the victim's age is uncontroverted, and also within the realm of common sense, so requires no definition.

Bailey's contention that the change in formatting is prejudicial is without merit. Therefore, we affirm the Circuit Court's July 14, 2015 Judgment of Conviction and Sentence.

DATED: Honolulu, Hawai'i, December 8, 2016.

On the briefs:

Keith S. Shigetomi
for Defendant-Appellant.

Ha'aheo M. Kaho'ohalahala,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4